IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Juan A. Sanchez, on behalf of himself
and a Class of persons similarly situated

     Plaintiff,

     v.

Ford Motor Company, d/b/a
Lincoln Motor Company

     Defendant

---

## CIVIL COMPLAINT AND JURY DEMAND

---

The Plaintiff, Juan A. Sanchez ("Mr. Sanchez"), individually and on behalf of all others similarly situated, by and through counsel, ZANER HARDEN LAW, through his undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint, Class Action Complaint and Jury Demand and asserts:

### INTRODUCTION

1.     This is a class action seeking monetary damages, restitution, and declaratory relief from Ford Motor Company d/b/a Lincoln Motor Company (hereinafter "Defendant"), notably arising from its practice of engaging in unfair deceptive trade practices in connection with the merchandising and sale of the Lincoln MKZ Hybrid.

2.     Since 2010, Lincoln, a division of Defendant Ford, has sold thousands of vehicles under the Lincoln MKZ Hybrid brand name, throughout Colorado and the United States.

3.     Since that time, Defendant has engaged in unfair, unconscionable and deceptive trade practices, in violation of the Colorado Consumer Protection Act and the various consumer

1

protection acts of the states in which Defendant is headquartered, licensed to do business and actually does business.  Defendant engaged in national advertising in television, radio, the internet, in print and directly on the cars that included material statements about the fuel economy of the MKZ Hybrid that were false and that uniformly misled and deceived the members of the proposed class with regards to the fuel efficiency of the MKZ Hybrid.

4.      Defendant's unfair, deceptive and unconscionable acts and practices with regards to fuel efficiency stem from its failure to comply with the Environmental Protection Agency's testing procedures related to fuel economy and gas mileage estimates.  As a result, Defendant advertised that the MKZ Hybrid's fuel economy and gas mileage estimates were higher than they actually were, and the fuel economy promoted by Defendant was a material factor in inducing Plaintiff and members of the proposed Class to purchase and lease the MKZ Hybrid.  Defendant was aware, or should have been aware, both that its fuel economy estimate was higher than the MKZ Hybrid's actual fuel economy and that consumers would rely on this estimate as a material factor in deciding to buy and a material benefit of owning the MKZ Hybrid.

5.      As a result of Defendant's uniform, nationally consistent acts, Plaintiff and the members of the proposed Class were damaged in that they purchased and/or leased vehicles they would not have otherwise purchased and/or leased, incurred higher sales prices than they would have with an accurate representation of fuel efficiency, suffered diminution of value of their vehicles and/or incurred higher fuel costs and will continue to incur higher fuel costs on an ongoing basis.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in

2

controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant.  See 28 U.S.C.  § 1332(d)(2)(A).  This Court also has personal jurisdiction over Defendant because it is authorized to do business and in fact does business in this state and District and Defendant has sufficient minimum contacts with this state and District, and/or otherwise intentionally avails itself of the markets in this state and District through the promotion, marketing and sale of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391.  Defendant does substantial business in Colorado and within this District, advertises in this District, receives substantial compensation and profits from the sales of its automobiles and other goods and services in this District, and has breached contracts and warranties in this District so as to subject it to *in personam* jurisdiction in this District.  The transactions between Defendant and the named Plaintiff, Mr. Sanchez, occurred in this District.

## THE PARTIES

8.      Plaintiff, Juan A. Sanchez, ("Plaintiff" or "Plaintiff Sanchez") is a resident and citizen of the State of Colorado.  In or about 2012, Plaintiff Sanchez purchased a 2012 Lincoln MKZ Hybrid.  Plaintiff purchased the MKZ Hybrid because of advertisements regarding the car's fuel economy and mileage efficiency.  In or about early 2013, Plaintiff traded in his 2012 Lincoln MKZ Hybrid and purchased a 2013 Lincoln MKZ Hybrid from Landmark Lincoln in Colorado because of Defendant's advertisements regarding the 2013 Lincoln MKZ Hybrid fuel economy and mileage efficiency.  After sufficient usage of each vehicle for the results to be significant, Plaintiff noticed that the fuel economy was lower than the advertised fuel economy

for each car.  He brings this action in his own right and on behalf of all others similarly situated.

Plaintiff has incurred a financial loss as a result of his purchases of Lincoln MKZ Hybrids.

9.      Defendant, Lincoln Motor Company, is an assumed named and a division of Ford

Motor Company.  Ford Motor Company is a Delaware Corporation with its principal place of

business in Detroit, Michigan, and is licensed to do business in Colorado, with an agent for

service of process located at 1675 Broadway, Suite 1200, Denver, CO, 80202. Defendant

designs, manufactures, markets, distributes, and sells Lincoln MKZ Hybrids in Colorado and

throughout the United States. Defendant distributes MKZ Hybrid vehicles and sells these

vehicles through its network of dealers.  Money received from the purchase of a Lincoln MKZ

Hybrid vehicle from a dealer flows from the dealer to Defendant. Money received by the dealer

from a purchaser can be traced to Defendant.

## FACTUAL BACKGROUND

10.      Defendant began selling the Lincoln MKZ Hybrid in 2010, and substantially

redesigned the MKZ Hybrid beginning with the 2013 model year.

11.      Under the Energy Policy Conservation Act of 1975 ("EPCA"), the EPA

promulgated regulations requiring Defendant and other car makers to put a label on the side

window of each new car made in that model year ("window sticker").

12.      The now-ubiquitous window sticker gave rise to the shorthand "sticker price" for

a car.  Defendant is aware and expects consumers to review the window sticker to find

information about the features, options and price of the car.

13.      The most conspicuous information on the window sticker is the fuel economy.

Defendant is aware and expects consumers to rely on the window sticker for both the "highway"

and "city" gas mileage and fuel efficiency of the car they are looking at and considering

purchasing.

14.     The EPA has established methods and calculations for Defendant and other car makers to determine fuel efficiency and gas mileage under the EPCA.  However, Defendant and other car makers conduct the test that results in the estimate it communicates to consumers and the general public.

15.     Hybrid cars (which combine an electric power source and the traditional gas-powered internal combustion engine) have become increasingly popular, and Defendant and other car makers have increased the focus on both production of and marketing of hybrid vehicles like the MKZ Hybrid in order to benefit from this popularity.  The popularity of hybrid vehicles stems from both its lower fuel costs due to increased fuel efficiency and increased environmental benefits.

16.     While window stickers traditionally had higher estimates for fuel economy than actual use, beginning in 2008, the EPA changed its testing and calculation procedures to produce a more realistic estimate for fuel efficiency.  The new tests introduced in 2008 more closely reflected actual driving conditions than the original tests.  However, according to an April 2013 article[1] in Car and Driver Magazine, hybrid fuel efficiency estimates have become increasingly inaccurate, in part because "carmakers are better at working the system," that is, engineering the powertrain and other components of the car to increase fuel efficiency in testing that do not translate to real-world driving conditions, as well as perform other mathematical calculations and extrapolations that increase the fuel efficiency numbers they are able to advertise and put on the window sticker.

17.     Defendant has sold or leased tens of thousands of MKZ Hybrids since 2010

---

[1] Available at http://www.caranddriver.com/features/why-is-the-epa-so-bad-at-estimating-hybrid-fuel-economy-feature

containing window stickers that deceptively overstated the estimated gas mileage and fuel economy rating information.

18.     Defendant engaged in an extensive, nationally uniform and consistent advertising campaign via television, internet, radio and print that was deceptive as to the Lincoln MKZ's fuel economy, with the goal to convince consumers about the fuel efficiency of the Lincoln MKZ.

19.     Defendant consistently promoted the deceptive fuel economy of the Lincoln MKZ Hybrid across the United States.

20.     Because of its deceptive advertising about the fuel efficiency of the MKZ Hybrid, Defendant was able to charge and did in fact charge a premium over non-Hybrid models as well as competing hybrids of different makes, models and manufacturers.

21.     These fuel efficiency estimates are on window stickers and advertising materials and are material to consumers' decision about the vehicle they purchase, specifically including the MKZ Hybrid and each and every member of the proposed class.

22.     Despite well-publicized fuel efficiency results lower than those advertised by car makers, Defendant has not made any attempt to retract or modify its testing or its deceptive representations regarding gas mileage estimates and fuel efficiency ratings of the MKZ Hybrids.

23.     Mr. Sanchez purchased a 2012 Lincoln MKZ Hybrid after research into cars with fuel efficiency.  The advertised and window sticker estimate of 40 MPG of the 2012 MKZ Hybrid was a material factor in inducing Sanchez to purchase the 2012 MKZ Hybrid.

24.     After sufficient driving in real world conditions for the results to be significant and reliable, Mr. Sanchez noticed that the 2012 MKZ Hybrid actually got 37 MPG.

25.     In 2013, Defendant revamped the MKZ Hybrid and increased the fuel efficiency

estimates to 45 MPG city, 45 MPG highway and 45 MPG combined.

26.     In early 2013, Mr. Sanchez traded in his 2012 MKZ Hybrid for a 2013 MKZ Hybrid.  The advertised and window sticker estimate of 45 MPG for the 2013 MKZ Hybrid was a material factor in inducing Sanchez to purchase the 2013 MKZ Hybrid.

27.     Since purchasing the 2013 MKZ Hybrid, Mr. Sanchez has driven more than 4,000 miles, including multiple trips to New Mexico largely driven on the highway.  This is a large enough sample to determine actual, real-world fuel efficiency.

28.     Over those more than 4,000 miles, Mr. Sanchez's actual fuel efficiency has been substantially less than advertised, approximately 36-37 MPG depending on the sample size.  And in no case has he achieved the advertised 45 MPG for any real distance.

29.     Mr. Sanchez has been damaged by the material difference in the fuel economy and Defendant's deceptive practices, as has each and every purchaser of every Lincoln MKZ Hybrid sold in the United States since 2010 and on ongoing basis.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

31.     The proposed Class is defined as follows:

> Any individual or entity who purchased or leased a model year 2010 or newer Lincoln MKZ Hybrid.

32.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

33.     Excluded from the Class are:

> i.  Defendants and any entities in which Defendants have a controlling interest;

7

ii. Any entities in which Defendants' officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendants;

iii. The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

iv. Persons or entities with claims for personal injury, wrongful death, and/or emotional distress;

v. All persons or entities that properly execute and timely file a request for exclusion from the Class;

vi. Any attorneys representing the Plaintiffs or the proposed Class; and

vii. All governmental entities.

34.     Numerosity—Fed. R. Civ. P. 23(a)(1). The proposed Class is comprised of over 100 people and possibly thousands of individuals who were Defendant's customers, the joinder of which in one action would be impracticable. Due to the nature of the trade and commerce involved, the members of the proposed Class are geographically dispersed throughout the United States and joinder of all the proposed Class members would be impracticable. The exact number or identification of the proposed Class members is presently unknown. The identity of the proposed Class members is ascertainable and can only be determined based on Defendant's records.

35.     Typicality—Fed. R. Civ. P. 23(a)(3). Plaintiff asserts claims that are typical of the entire proposed Class. The claims of the representative Plaintiff is typical of the claims of the proposed Class' in that the representative Plaintiff, like all proposed Class members, is a victim of Defendant's unfair and deceptive trade practices in connection with the merchandising and sale of the Lincoln MKZ Hybrid. The representative Plaintiff, like all proposed Class members, has been damaged by Defendant's misconduct through Defendant's unfair and

deceptive trade practices in luring consumers to purchase a Lincoln MKZ Hybrid based on false promises and assurances. The Lincoln MKZ Hybrid actually gets less miles per gallon than the advertised fuel efficiency. Additionally, consumers will continue to incur an unfair and unconscionable financial loss. Furthermore, the factual basis of Defendant's misconduct in testing, determining what fuel efficiency to advertise and actually advertising a fuel efficiency is common to all proposed Class members, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the proposed Class.

36.   There are numerous questions of law and fact common to the proposed Class and those common questions predominate over any questions affecting only individual Class members.

37.   <u>Predominance of Common Questions—Fed. R. Civ. P. 23(a)(2), 23(b)(3)</u>. The questions of law and fact common to the proposed Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

a.   Whether Defendant had knowledge of the difference between its tested fuel efficiency and actual fuel efficiency, and if so, for how long did it have that knowledge;

b.   Whether Defendant intentionally determined the fuel efficiency in a way that would be higher than actual real world efficiency purchasers could expect and concealed the true efficiency;

d.   Whether Defendant's misrepresentations and omissions regarding the fuel efficiency of its vehicles were likely to deceive a reasonable person and be a material factor in purchasing the MKZ Hybrid;

e.   Whether Defendant's business practices, including the manufacture and sale of vehicles with fuel efficiency that Defendant has failed to adequately disclose or advertise, disclose or remedy, offends established public policy and causes harm to consumers that greatly outweighs any benefits associated with those practices;

f.    Whether Defendant breached its express warranties regarding the fuel efficiency of its vehicles;

g.    Whether Defendant breached the implied warranty of merchantability because its vehicles were not as fuel efficient as it warranted to purchasers;

h.    Whether Defendant violated the Magnuson-Moss Warranty Act;

i.    Whether Defendant was unjustly enriched at the expense of Plaintiff and the proposed Class;

j.    Whether Plaintiff and proposed Class are entitled to damages, restitution, restitutionary disgorgement, equitable relief, and/or other relief; and

k.    The amount and nature of such relief to be awarded to Plaintiff and the proposed Class.

38.    Other questions of law and fact common to the proposed Class include:

a.    The proper method or methods by which to measure damages; and

b.    The declaratory relief to which the proposed Class is entitled.

39.    Plaintiff's claims are typical of the claims of the proposed Class in that they arise out of the same wrongful policies and practices and the same or substantially similar unconscionable practices of Defendant. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class member.

40.    <u>Adequacy—Fed. R. Civ. P. 23(a)(4): 23(g)(1).</u>  The Plaintiff is an adequate representative of the proposed Class because Plaintiff fits within the class definition and Plaintiff's interest does not conflict with the interests of the members of the proposed Class Plaintiff seeks to represent. Plaintiff is committed to the vigorous prosecution of this action. Plaintiff is represented by experienced Class Counsel. Class Counsel has litigated numerous class actions, and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of

the entire Class.  Plaintiff and Class Counsel can fairly and adequately protect the interests of all

of the Members of the Class.

41.     Superiority—Fed. R. Civ. P. 23(b)(3).    The class action is the best available

method for the efficient adjudication of this litigation because individual litigation of Class

Members' claims would be impracticable and individual litigation would be unduly burdensome

to the courts.  Plaintiff and members of the proposed Class have suffered irreparable harm as a

result of Defendant's conduct.  Because of the size of each Class member's claims, no Class

members could afford to seek legal redress for the wrongs identified in this Class Action

Complaint.  Without the class action vehicle, the proposed Class would have no reasonable

remedy and would continue to suffer losses, as Defendant continues to engage in the conduct that

is the subject of this Class Action Complaint, and Defendant would be permitted to retain the

proceeds of its violations of law.  Further, individual litigation has the potential to result in

inconsistent or contradictory judgments.  A class action in this case presents fewer management

problems and provides the benefits of single adjudication, economies of scale, and

comprehensive supervision by a single court.

42.     Even if the proposed Class members themselves could afford such individual

litigation, the court system could not. Given the complex legal and factual issues involved,

individualized litigation would significantly increase the delay and expense to all parties and to

the Court.   Individualized litigation would also create the potential for inconsistent or

contradictory rulings.  By contrast, a class action presents far fewer management difficulties,

allows claims to be heard which might otherwise go unheard because of the relative expense of

bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and

comprehensive supervision by a single court.

**COUNT I**
**VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT**
**(Col. Rev. Stat. § 6-1-101, et seq.)**

43.     Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing and subsequent allegations of this Class Action Complaint as if fully set forth herein.

44.     Defendant is a "person" under § 6-1-102(6) of the Colorado Consumer Protection Act ("Colorado CPA"), Col. Rev. Stat. § 6-1-101 et seq.

45.     Plaintiff and the proposed class are "consumers" for the purposes of § 6-1-113(1)(a) of the Colorado CPA who purchased or leased one or more Lincoln MKZ Hybrids.

46.     In the course of its business, Defendant participated in deceptive trade practices that violated the Colorado CPA as described in detail above and below. Defendant is directly liable for these violations of law.

47.     As described above, Defendant made numerous material statements about the fuel efficiency of the Lincoln MKZ Hybrid that was false and/or misleading.

48.     Defendant engaged in deceptive trade practices prohibited by the Colorado CPA, including (1) knowingly making a false representation as to the characteristics, uses and benefits of the fuel efficiency of the Lincoln MKZ Hybrid that had the capacity or tendency to deceive Plaintiffs; (2) representing that the Lincoln MKZ Hybrid was of a particular standard, quality and grade even though Defendant knew or should have known it was not; (3) advertising the Lincoln MKZ Hybrid with the intent not to sell it as advertised, (4) failing to disclose material information concerning the Lincoln MKZ Hybrid that was known to Defendant at the time of the advertisement or sale with the intent to induce Plaintiff and the members of the proposed Class to purse or lease the Lincoln MKZ Hybrid.

49.     Plaintiff and the proposed Class did, in fact, rely on such representations in their decision to purchase and/or lease the Lincoln MKZ Hybrid.

50.     Defendant's deceptive practices were likely to and did in fact deceive reasonable consumers, including Plaintiff, about the true fuel efficiency of the Lincoln MKZ Hybrid.

51.     As a direct and proximate result of Defendant's unfair and/or deceptive conduct and violation of the CPA, Plaintiff and the proposed Class sustained economic losses and other damages for which they are entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

## COUNT II
## VIOLATIONS OF STATE UNFAIR TRADE PRACTICE LAWS
## (ON BEHALF OF THE STATE SUBCLASSES)

52.     Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing and subsequent allegations of this Class Action Complaint as if fully set forth herein.

53.     The allegations in this Count are, for all non-Colorado citizens, pleaded in the alternative to the allegations in the Count I of this Class Action Complaint.

54.     This claim is asserted on behalf of the members of each State Subclass under their respective consumer protection statutes.

55.     As redress for Defendants' repeated and ongoing violations of these consumer protection statutes, Plaintiffs and the State Subclasses are entitled to, *inter alia*, damages and declaratory relief.

## COUNT III
## BREACH OF EXPRESS WARRANTY
## (Col. Rev. Stat. § 4-2-313)

56.     Plaintiff, individually and on behalf of all others similarly situated, repeats,

realleges, and incorporates by reference each of the foregoing and subsequent allegations of this Class Action Complaint as if fully set forth herein.

57. Defendant expressly warranted to Plaintiff and the proposed Class---through statements and advertisements described above, including the commercials found at https://www.youtube.com/watch?v=IWhaxXtBC-I and https://www.youtube.com/watch?v=OtyC8yvf6Lo, as well as the window stickers affixed to each and every Lincoln MKZ Hybrid, that the Lincoln MKZ Hybrid had a specific fuel efficiency and gas mileage.

58. Defendant breached this warranty by knowingly selling to Plaintiff and the proposed Class Lincoln MKZ Hybrids with fuel efficiency and gas mileage less than the, warranted number.

59. Plaintiff and the proposed Class have been damaged as a direct and proximate result of this breach by Defendant in that the Lincoln MKZ Hybrid purchased by Plaintiff and the proposed Class were and are worth far less than what the Plaintiff and the proposed Class paid to purchase them, which was reasonably foreseeable to Defendant, the Plaintiff and the proposed Class paid a premium on the sales price because of the fuel efficiency, and Plaintiff and the proposed Class have paid more money to fuel and re-fuel the Lincoln MKZ Hybrid because of the lower fuel efficiency.

60. The limited warranty of repair and/or adjustments to defective parts fails in its essential purpose because the contractual remedy is insufficient to make the Plaintiff and the proposed Class whole because the fuel efficiency cannot be increased post-sale to match the warranted mileage. Recovery by Plaintiff and the proposed Class is not limited to the limited warranty of repair or adjustments to parts defective in materials or workmanship, and Plaintiff

and the proposed Class seek all remedies allowed by law, including financial damages.

61.     Also, as alleged in more detail herein, at the time that Defendants warranted and sold the vehicles they knew that the vehicles did not conform to the warranties, and Defendant wrongfully and fraudulently misrepresented and/or concealed material facts regarding the Lincoln MKZ Hybrid's fuel efficiency.  The enforcement under these circumstances of any limitations whatsoever precluding the recovery of incidental and/or consequential damages is unenforceable.

62.     Finally, due to the Defendant's breach of warranty as set forth herein, Plaintiff and the Class assert as an additional and/or alternative remedy, as set forth in Col. Rev. Stat. § 4-2-711, for revocation of acceptance of the goods, and for a return to Plaintiff and to the Class of the purchase price of all vehicles currently owned or the losses for vehicles already sold by Plaintiff and the proposed Class, and for such other incidental and consequential damages as allowed under Col. Rev. Stat. § § 4-2-711 and 4-2-608.

63.     As a direct and proximate result of Defendant's breach of express warranties, Plaintiff and the proposed Class have been damaged in an amount to be determined at trial.

## COUNT IV
## BREACH OF CONTRACT

64.     Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing and subsequent allegations of this Class Action Complaint as if fully set forth herein.

65.     Through its website, commercials like the two linked above, and the vehicle window sticker affixed to each Lincoln MKZ Hybrid, Defendant conveyed uniform representations and offers regarding the fuel efficiency, quality and performance, including the specific miles per gallon. Plaintiff and the proposed Class accepted Defendant's offer and paid to

15

purchase and/or lease a Lincoln MKZ Hybrid.

66.     Defendant breached the contract by selling Plaintiff and the members of the proposed class a Lincoln MKZ Hybrid that did not meet the represented fuel efficiency and specific miles per gallon for each model year.

67.     As a direct and proximate cause of Defendant's breach, Plaintiff and the proposed Class were damaged through the premium purchase price justified by Defendant's represented fuel efficiency, higher ongoing fuel and gas costs because of the lower fuel efficiency, and diminution in the resale and/or lease residual value expected at the time of purchase/lease due to the lower fuel efficiency, all in an amount to be proven at trial.

## COUNT V
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. § 2301, et seq.)

68.     Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing and subsequent allegations of this Class Action Complaint as if fully set forth herein.

69.     This Court has jurisdiction to decide claims brought under 15 U.S.C. § by virtue of 28 U.S.C. § 1332 (a)-(d).

70.     Plaintiff and each of the proposed Class members are a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

71.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 (4)-(5).

72.     Lincoln MKZ Hybirds are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

73.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is

damaged by the failure of a warrantor to comply with a written or implied warranty.

74.     Defendant's express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). Defendant's implied warranties are covered under 15 U.S.C. § 2301(7).

75.     For the reasons detailed above, Defendant breached these express and implied warranties, as the Lincoln MKZ Hybrid does not perform as Defendant represented or was not fit for its intended use. Defendant has refused to remedy such breaches, and its conduct caused damages to Plaintiff and the proposed Class.

76.     The amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of Plaintiff's claims and all claims to be determined in this suit.

77.     Resorting to any informal dispute settlement procedure and/or affording Defendant an opportunity to cure these breaches is unnecessary and/or futile. Any remedies available through any informal dispute settlement procedure would be inadequate under the circumstances, as Defendant has failed to remedy the problems associated with the Lincoln MKZ Hybrid and likely has no desire to participate in such a process at this time. Any requirement under the MMWA or otherwise requiring Plaintiff to use any informal dispute settlement procedure and/or afford Defendant a reasonable opportunity to cure the breach of warranties described above is excused and/or has been satisfied.

78.     Plaintiff and proposed Class members have had sufficient direct dealings with either the Defendant or its agents to establish privity of contract between Plaintiff and the proposed Class members. Notwithstanding this, privity is not required in this case because Plaintiff and proposed Class members are intended third-party beneficiaries of contracts between

Defendant and its dealers; specifically, they are the intended beneficiaries of Defendant's implied warranties. The dealers were not intended to be the ultimate consumers of the Vehicles and have no rights under the warranty agreement provided with the Lincoln MKZ Hybrid; the warranty agreements were designed for and intended to benefit the ultimate consumers only. Finally, privity is also not required because Plaintiff and proposed Class members' vehicles are defective instrumentalities due to the aforementioned defects and nonconformities.

79.     The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $5,000,000 exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

80.     Plaintiff and the proposed Class seek to revoke their acceptance of the Lincoln MKZ Hybrid, or, in the alternative, seek all damages, including diminution in value of their vehicles in an amount to be proven at trial.

## COUNT VI
## INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

81.     Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing and subsequent allegations of this Class Action Complaint as if fully set forth herein.

82.     At all relevant times, Defendant was engaged in the business of designing, manufacturing, testing, marketing, distributing and/or selling the Lincoln MKZ Hybrid, and delivered, through their officers, agents, servants, representatives, ostensible agents and/or employees, delivered the Lincoln MKZ Hybrid through dealerships such as Landmark Lincoln.

83.     Defendant willfully, falsely and knowingly misrepresented the material facts regarding the fuel efficiency of the Lincoln MKZ Hybrid. Specifically, Defendant made representations about the specific miles per gallon and fuel efficiency of the Lincoln MKZ

Hybrid for each model year through the television advertising (still available on Youtube, as linked above), substantially similar print and/or radio ads, internet websites (including http://www.lincoln.com/cars/mkz/) and the window sticker. These misrepresentations were made, reiterated and disseminated into the public realm (on television, over the air, in print, on the internet, etc.), by Defendant's officers, agents, representatives, ostensible agents and/or employees acting within the scope of their authority, so employed or hired by Defendant to market and distribute the Lincoln MKZ Hybrid.

84.     In the alternative and/or consistent with the above described actions. Defendant negligently and recklessly determined the fuel efficiency of the Lincoln MKZ Hybrid and made representations about the fuel efficiency as described above under circumstances where Defendant either knew or reasonably should have known that the representations were not true.

85.     Defendant's representations described above were made with the intent that the general public, including Plaintiff and the proposed Class, rely upon them.  Defendant's representations were made with the knowledge of the falsity of such statements or in reckless disregard of the truth thereof.  If Plaintiff and the proposed Class had been aware of the true fuel efficiency, Plaintiff and the Class would not have purchased and/or leased the Lincoln MKZ Hybrid at the price sold and/or leased by Defendant and/or the dealership acting on Defendant's behalf.  In reliance upon these misrepresentations, Plaintiff and the proposed Class purchased the Lincoln MKZ Hybrid.

86.     Defendant tested and determined the fuel efficiency of the Lincoln MKZ Hybrid in a way that it would overstate the actual, real-world expected fuel efficiency and intentionally misrepresented the fuel efficiency with the intent to defraud Plaintiff and the proposed Class.

87.     The actual fuel efficiency is material to the decision to purchase a Lincoln MKZ

Hybrid and is reflected in the listed and actual sales price, and would have been considered by a reasonable person, including Plaintiff and the proposed Class.

88.    Plaintiff and the proposed Class purchased their Lincoln MKZ Hybrids under the impression that they would each function and perform as advertised, the direct and proximate result of which is injury and harm to Plaintiff and the proposed Class.

## COUNT VII
## UNJUST ENRICHMENT

89.    Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing and subsequent allegations of this Class Action Complaint as if fully set forth herein.

90.    Plaintiff and the proposed Class paid Defendant the value of a vehicle with a certain, specific fuel efficiency, and in exchange, Defendant provided Plaintiff and the proposed Class a vehicle that was, in fact, of a lower quality of fuel efficiency.

91.    Furthermore, Plaintiff and the proposed Class paid Defendant the value for a vehicle that would have a certain re-sale value based on the warranted fuel efficiency, and in fact has a trade-in value, re-sale or residual value based on real-world fuel efficiency that is substantially lower.

92.    Accordingly, Plaintiff conferred a benefit upon Defendant and Defendant has knowingly retained such benefits from Plaintiff and proposed Class, and it would be unjust for Defendant to retain such benefits.

93.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the proposed Class suffered and continues to suffer various damages, including, but not limited to, restitution of all amounts by which Defendant was enriched through its misconduct.  It would be unequitable and unjust for Defendant to retain these wrongfully obtained profits.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays:

A.      That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that the Plaintiff is a proper class representative, and her counsel is adequate class counsel;

B.      That the Court certify the class identified above;

C.      That judgment be entered against Defendant and in favor of Plaintiff and the Class on the Causes of Action in this Class Action Complaint, for injunctive and equitable relief as requested above, and for actual, compensatory, punitive, and treble damages in an amount to be determined at trial;

D.      That Declaratory Judgment be entered against Defendant finding that Defendant's conduct is in violation of the law, and enjoining Defendant from continuing in such conduct.

E.      That the Court award Attorneys' fees and litigation costs against Defendant;

F.      That judgment be entered imposing interest on damages, litigation costs, and attorneys' fees against Defendant;

G.      That the Court issue an injunction requiring Defendant to issue a corrected fuel efficiency and miles per gallon rating of all Lincoln MKZ Hybrids subject to this lawsuit;

H.      For all other and further relief as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all

issues so triable.

Date: July 19, 2013

Respectfully submitted,

Kurt Zaner
ZANER HARDEN LAW, LLP
CO Atty. Reg. #40989
1610 Wynkoop Street, Suite 120
Denver, CO 80202
P: (303) 563-5354
F: (303) 563-5351
kz@zanerhardenlaw.com

**JONES WARD PLC**
Jasper D. Ward
Marion E. Taylor Building
312 S. Fourth Street, 6th Floor
Louisville, Kentucky 40202
Telephone: (502) 882-6000
jasper@jonesward.com
**(To be admitted *Pro Hac Vice*)**

**ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS**